968 F.2d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lewis M. SCARBOROUGH, Plaintiff-Appellant,
v.
Bert AUSTIN, Individually and in his official capacity as
Sheriff of Dare County; William Midgett, Individually and
in his official capacity as Chief Jailer of the Dare County
Jail; Michael P. Daniels; Jesse Ambrose; Louise Dollard;
Robert V. Owens, Jr.; Gaskill Austin, Individually and in
his or her official capacity as Member of the Dare County
Board of Commissioners, Defendants-Appellees.
 No. 91-6754.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 6, 1992
Decided: July 16, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-89-143-CRT-H)
 ARGUED: Martha Melinda Lawrence, Patterson, Harkavy, Lawrence, Van Noppen & Okun, Raleigh, North Carolina, for Appellant.
 Lawrence Pierce Egerton, Womble, Carlyle, Sandridge & Rice, Winston-Salem, North Carolina, for Appellees.
 ON BRIEF: Allan R. Gitter, Tyrus V. Dahl, Jr., Womble, Carlyle, Sandridge & Rice, Winston-Salem, North Carolina, for Appellees.
 E.D.N.C.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before HALL and LUTTIG, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Lewis M. Scarborough appeals the orders denying certification of a plaintiff class and granting summary judgment to defendants. We affirm the denial of class certification and the dismissal of his individual claims for equitable relief, but we reverse the summary judgment in part and remand for further proceedings on Scarborough's individual damages claim.
 
 I.
 
 2
 Scarborough, an inmate in the North Carolina prison system, was temporarily incarcerated in the Dare County jail from January 30 through February 3, 1989. On February 23, 1989, after returning to a state prison, he filed a pro se § 1983 complaint claiming that conditions at the jail violated the Eighth Amendment's prohibition of cruel and unusual punishments. He sought relief on behalf of himself and all others "who are or will be confined within the Dare County Jail...." Scarborough's motion for class certification was denied, and the district court ruled that his transfer out of the jail mooted his individual claims for injunctive and declaratory relief. The remaining claims for damages were subsequently dismissed on the defendants' motion for summary judgment. Scarborough appeals.
 
 II.
 
 3
 The district court dismissed as moot Scarborough's individual claims for injunctive and declaratory relief. The court determined that Scarborough had failed to demonstrate that there existed a "reasonable expectation" that he would again be confined in the Dare County jail, and, therefore, his claims for equitable relief were not "capable of repetition yet evading review." In the same order, the motion for certification of a plaintiff class was denied on the ground that Scarborough lacked standing at the outset of the case, i.e. when he filed the complaint, and, therefore, relation back of certification would not rescue the class claims from mootness. We affirm both rulings, but we believe the mootness rationale is inapposite; lack of standing serves as an all-purpose basis for disposing of all of the class claims, as well as the individual claims for equitable relief.
 
 
 4
 Mootness presupposes that a live controversy once existed at some point after the complaint was filed. Scarborough's equitable claims, however, did not become moot. Scarborough filed his complaint some two weeks after his transfer out of the jail to prison. In order to satisfy the Article III requirement of "case or controversy" with respect to his individual claims for equitable relief, Scarborough needed to demonstrate a "real and immediate threat" that he would be reconfined in the jail. City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983). This he did not do. Thus, Scarborough is without standing to seek equitable relief. See generally 3B Moore's Federal Practice p 23.04 (1991).
 
 
 5
 Generally, a named plaintiff must have standing to represent the class at both the time the complaint is filed and the point at which the class is certified. Tucker v. Phyfer, 819 F.2d 1030, 1033 (11th Cir. 1987). In cases in which the named plaintiff's claims become moot before class certification can reasonably be expected to be decided, relation back to the filing of the complaint may be allowed as a means of avoiding mootness of the class claims. Sosna v. Iowa, 419 U.S. 393, 402 n. 11 (1975). However, even relation back to the filing of Scarborough's complaint cannot rescue the equitable claims advanced on behalf of the putative class. As explained above, Scarborough's individual claims for equitable relief were not the victim of mootness but, rather, fell for lack of standing. The same lack of standing dooms the class claims.
 
 III.
 
 6
 In ruling on defendants' summary judgment motion, the district court prefaced its discussion of the various alleged deficiencies of the jail with a reference to the standard established in Whitley v. Albers, 475 U.S. 312 (1986), for evaluating some Eighth Amendment claims. Whitley involved a claim by an inmate who was shot during a prison disturbance. In affirming the dismissal of Whitley's claim, the Court held that "[i]t is obduracy or wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause...." Id. at 319. Elsewhere the district court in the instant case referred to "deliberate infliction of pain and suffering" as the standard by which one discrete claim should be judged. And in yet another part of the memorandum opinion, the court used a "deliberate indifference" standard to evaluate the claims of inadequate medical care.
 
 
 7
 Subsequent to entry of the orders now on appeal, the Supreme Court established the "deliberate indifference" standard for prison conditions cases generally. Wilson v. Seiter, 111 S. Ct. 2321 (1991). Soon thereafter, Whitley 's "unnecessary and wanton infliction of pain" standard was clearly relegated to Eighth Amendment claims based on the excessive use of force. Hudson v. McMillian, 112 S. Ct. 995 (1992). In Seiter, the Court established both objective and subjective components for Eighth Amendment claims regarding conditions of confinement: "was the deprivation sufficiently serious ... and ... did the officials act with a sufficiently culpable state of mind?" 111 S. Ct. at 2324.
 
 
 8
 Hindsight enables us to see that the district court's reliance on Whitley was mistaken. This error, however, actually had no bearing on its decision because the subjective element of liability was never reached. The district court held that Scarborough failed to adduce sufficient evidence to show that some of the alleged conditions actually existed as he claimed, or, even if sufficient evidence was presented that a particular condition did exist (or even if it was assumed that the condition existed as alleged), he failed to demonstrate how that condition rose to the level of a constitutional violation. To restate the district court's holding in terms of Seiter, Scarborough failed to satisfy the objective component that any of the alleged conditions was "sufficiently serious." We review the summary judgment below under a de novo standard. In determining whether "genuine issues of material fact" exist, we view the facts and all reasonable inferences therefrom in the light most favorable to the non-moving party, Scarborough. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985).
 
 
 9
 A "totality of circumstances" analysis has been used for years in prison conditions cases. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Recently, however, the "totality" approach has been narrowed somewhat. In Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991), we noted that the Supreme Court had recently held that only those conditions that combine to produce "the deprivation of a single, identifiable human need such as food, warmth or exercise ... " may be considered together. Id. at 824 (quoting Seiter, 111 S. Ct. at 2327). Even under this more focused standard, summary judgment was inappropriate.
 
 
 10
 In Williams, we noted that overcrowding (which is also one aspect of Scarborough's claim) "accompanied by unsanitary and dangerous conditions can constitute an Eighth Amendment violation, provided an identifiable human need is being deprived." 952 F.2d at 824-25. We catalogued the allegations in Williams' verified complaint about the unsanitary and crowded conditions at the prison: constantly leaking toilets and sewage-covered floors; insect and vermin infestation; no blankets or coats; four showers for as many as ninety-six inmates. Instead of denominating a "specific human need" affected by these conditions, we treated it as a fact question to be determined at trial. Id. at 825 n.1. Moreover, in discussing the prison officials' argument that the complaint alleged no harm resulting from the conditions, we noted that "[i]t seems apparent that psychological harm could be inferred, ... as could an increased likelihood of illness and violence." Id. at 825 (internal citation omitted). Scarborough's complaint is strikingly similar to that under consideration in Williams.
 
 
 11
 In his pro se verified complaint,[1] Scarborough alleges the following specific conditions: overcrowding (four prisoners sleeping in a thirtytwo square foot area that included a toilet-sink combination); prisoners forced to sleep on floors without mattress or blankets; inadequate and often inoperable plumbing; poor ventilation; infrequent outdoor exercise; intolerable noise levels; inadequate fire safety equipment; inadequate medical treatment, including an absence of separate areas for prisoners with contagious diseases; and inadequate supervision, leading to frequent fights. The district court treated each alleged condition, e.g., inadequate ventilation, as an individual "claim."
 
 
 12
 Some of the factual allegations (or "claims") were assumed to be true, but were dismissed seriatim nevertheless as failing "to rise to a level of constitutional magnitude": inadequate toilet facilities, ventilation, and lack of outdoor exercise. Other "claims" were found to be factually refuted by the defendants' submissions in support of their motion for summary judgment: overcrowding, unsanitary conditions, inadequate fire safety, medical care, and inadequate supervision. The district court erred in failing to view each alleged condition in relation to others that might combine to work a deprivation of an "identifiable human need." Moreover, we disagree with the court's conclusion that the latter group of plaintiff's allegations do not raise genuine issues of material fact.
 
 
 13
 For example, based on first-hand knowledge acquired during some ninety-two days of incarceration over the four years preceding the filing of his action, Scarborough specifically claimed that "[o]ften there are as many as thirty or more prisoners housed" at a facility designed for eighteen, and that prisoners regularly slept four or more in a space measuring eight-by-six square feet. The district court fully credited the defendant jailer's affidavit, which claimed that the jail "does not regularly house prisoners in excess of the designed capacity of sixteen," and, on the "rare occasion" when an excess prisoner cannot be transferred to another facility immediately, mattresses and linens are provided.
 
 
 14
 The overcrowding claim was dismissed because Scarborough failed to overcome this submission. However, the factual issue is clearly joined. Scarborough says he "often" found thirty prisoners at the jail during the ninety-two days he had spent in the jail. While the jailer recites the sub-sixteen headcounts during Scarborough's last confinement, no attempt was made to demonstrate the headcounts during Scarborough's previous periods of confinement (or at least those within the relevant limitations period). We think that this overcrowding allegation is sufficient to raise genuine issues of fact regarding the jail population over time and whether this condition deprived Scarborough of a "specific human need."
 
 
 15
 Even if the factual allegations satisfy the objective prong of the Seiter standard, Scarborough is also faced with meeting the subjective prong. The absence of a class weakens his case considerably. His more general allegations about the jail conditions must now be tailored to demonstrate that these conditions existed during his periods of confinement and that they affected him adversely. For example, his claim of inadequate medical care does not include any allegation that he was ever denied treatment. Nevertheless, we believe that Scarborough has, on the record to date, produced sufficient evidence to survive the defendants' summary judgment motion.[2] On remand, the "deliberate indifference" standard of Seiter, together with the limited "totality of circumstances" approach outlined in Williams v. Griffin, should guide further proceedings.
 
 
 16
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
 
 
 17
 FN1 After counsel entered her limited appearance on Scarborough's behalf (see note 2, infra), two amended complaints were filed.
 
 
 
 [2]
 Counsel appeared below on Scarborough's behalf for the limited purpose of securing class certification, but this limited representation concluded before the court considered the defendants' summary judgment motion